## COMMONWEALTH *vs.* ELON STARKWEATHER.

A party cannot impeach his own witness by proof of statements contradictory to his testimony in court, although he may prove a fact to be otherwise than his own witness states it.

THE defendant was tried for perjury at the May term of the court of common pleas for Hampden, before *Wells*, C. J. under whose ruling he was convicted, and brought his bill of excep·· tions to this court. The whole case appears in the opinion.

*W. G. Bates*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

SHAW, C. J. This was an indictment for perjury. The perjury assigned was, in swearing falsely to the defendant's account in set-off in a suit brought against him by one Doolittle, and tried before a justice of the peace. The account consisted of charges of three quilts and a rug, alleged to have been sold, and delivered by the defendant Starkweather, to Doolittle. The perjury alleged was, in producing two books, and falsely testifying that they were his original books of entries, that the charges made therein, were made by him, at their respective dates, and that they were correct, just, and true. Doolittle denied that he had purchased such articles of Starkweather, or that they were ever delivered to him, or that he carried similar articles home to his own house.

Several exceptions were taken, but the one mainly relied upon in argument arose thus : It became a fact material to the issue on the trial of this case, for the defendant to prove that Doolittle, at or near the time named, had carried these or similar articles to his own house. To prove this fact, the defendant called a daughter of Doolittle, but she swore to the contrary. At the same time, in answer to inquiries by the defendant, she stated that her father had had a conversation with her on the subject of her testimony, the evening before.

The defendant then proposed to prove by a witness, that shortly before the trial, this girl told her, that her father did purchase this property of Starkweather ; did bring it home to

his house, and that it was there then; and that she requested witness not to speak of it, as her father would punish her, if he knew she told of it. The evidence thus offered was rejected, and to this rejection the counsel for the defendant excepted.

The evidence, we think, was rightly rejected. The witness was the defendant's own witness, not called of necessity as an attesting witness, but freely at the party's own option. By offering her, he offers her as a person entitled to belief, and therefore is not allowed to go into proof merely to discredit her. Evidence offered to prove that a witness had made a different statement of the fact, at a different time, under oath or otherwise, is allowable only to impeach the witness and diminish the credit due to his testimony. It is founded on the obvious consideration that both accounts cannot be true, and tends to prove a defect of intelligence or memory on the subject testified of, or what is worse, a want of moral honesty and regard to truth, and so, in either case, that the witness is less worthy of belief. Besides; such evidence had in this case a tendency to get before a jury a statement of fact, as made by the adverse party's daughter, though denied by her on oath, which has the semblance of evidence, and might have a tendency to mislead the jury. Yet it is not competent, because not under oath, and because the party against whom it operates, has no power to cross-examine the party making it. It is true the party offering the evidence may say, he did say in the present case, that it was not his purpose to make such statement substantive evidence bearing upon the fact in issue; it is a statement directly relating to the fact in controversy, by one placed in a very delicate situation, who might be presumed to know its natural tendency would be, to influence the minds of jurors, which the mere disclaimer of the counsel or intimation of the court might not wholly counteract. Being strictly impeaching evidence only, it cannot be offered in reference to one's own witness, but only in reference to the witness of the adverse party.

It is undoubtedly true, that a party is not bound by the facts testified to by his own witness, but may prove the facts

to be otherwise, by any competent evidence pertinent to the issue. This may in a certain sense contradict the witness, but the purpose is not to discredit him, but to prove the issue on his own part, which is a legitimate and proper purpose. *Bradley* v. *Ricardo*, 8 Bing. 57.

A question has sometimes arisen, where it is manifest from his testimony, that a witness is hostile in interest to the party calling him, and where there may be reason to suppose that a witness has taken some measures to deceive the party, and induce him to call him as his witness, by intimations that his testimony would be favorable, to what extent a party thus imposed on by a hostile witness may go to relieve himself. On this point we give no opinion. There is an instructive discussion on this subject, where two eminent judges differed in opinion, in the case of *Wright* v. *Beckett*, 1 M. & Rob. 414. We are quite satisfied, that the present is not such a case, ar therefore is to be governed by the general rule. 1 Greenl. Ev §§ 442, 444.                *Exceptions overruled.*